[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ARTICULATION (#111)
This motion is denied. There is no authority for a motion for articulation at the trial level.
However, in granting the defendant's motion to open the judgment the court relied upon the following factual and legal basis:
1. The August 25, 1995, affidavit from Elizabeth Verna establishes that no notice of the hearing in damages date was ever received by the defendant. On due process grounds alone this lack of notice warrants setting the judgment aside. CT Page 12342
2. This Court concluded that the conduct of the defendant did not rise to the level of negligence, and, accordingly, the default here was the result of mistake, accident, or other reasonable cause. Middlesex Mobile Redemptions, Inc. v. Shop RiteSupermarkets, Inc., 6 Conn. L. Rptr. 592 (1992); Napolitano v.Burke, 1 Conn. L. Rptr. 275 (1990). The defendant referred the writ to its carrier and could reasonably rely on its carrier to obtain counsel. The conduct of Stacey Rawlings, as set forth in his affidavit, if relevant at all, does not rise to the level of negligence.
Joseph A. Licari Jr., Judge